IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET HOOBLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 3:17-cv-01397 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Unum Life Insurance Company of America ("Unum Life" or "Defendant"), for the purpose only of removing this cause to the United States District Court for the Northern District of Texas, Dallas Division, states:

### I. STATE COURT ACTION

This case involves a dispute over alleged wrongful denial of accidental death benefits under a group life insurance policy (the "Policy") issued by Unum Life to his employer, Columbus Realty Partners, Ltd. (the "Employer"). On April 27, 2017, Plaintiff Margaret Hoobler ("Hoobler" or "Plaintiff") filed suit against Unum Life in the 298th Judicial District Court of Dallas County, Texas, where it was numbered DC-17-04993 on the docket of that court. Hoobler has asserted claims for breach of contract, violations of the Texas Insurance Code (the "Code"), violations of the Texas Deceptive Trade Practices – Consumer Protection Act (the "DTPA"), and breach of the duty of good faith and fair dealing. She seeks to recover actual damages, exemplary damages, pre-

judgment, post-judgment interest, attorney's fees, and costs of court, and treble damages.

## II.  SUBJECT MATTER JURISDICTION EXISTS

**A.      Diversity Jurisdiction.**

**1.      The Parties Are Completely Diverse.**  Hoobler was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal.  Unum Life is a Maine insurance company with its principal place of business in Portland, Maine.  Unum Life was a citizen of Maine at the time this action was filed and remains a citizen of Maine as of the date of this removal.  Thus, complete diversity of citizenship exists between Hoobler and Unum Life.

**2.      The Requisite Amount in Controversy is Satisfied.**  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Specifically, Hoobler alleges in her Original Petition that "Plaintiff currently seeks actual damages over $200,000 and less than $1,000,000, plus exemplary damages."  *See* Plaintiff's Original Petition at ¶ 4.  It is therefore clear from Plaintiff's pleading that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**B.      Federal Question Jurisdiction**

The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 and this action may be removed because the Policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001,

et. seq. ("ERISA").  The Employer established and maintained a plan, fund, or program for the purpose of providing, for its participants and beneficiaries, benefits through the purchase of insurance.  A true and correct copy of the Policy is attached as Exhibit A. Hoobler's state law claims are completely preempted, as a matter of law, by ERISA, as 29 U.S.C. § 1332 governs actions under ERISA and provides the exclusive remedies for claims under an ERISA-regulated plan.  Therefore, this Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

### III.  REMOVAL IS PROPER

Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The Court also has federal question jurisdiction under 28 U.S.C. § 1331.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441. The citation and a copy of Plaintiff's Original Petition were served on Unum Life on May 8, 2017, at the earliest.  As such, the removal is timely under 28 U.S.C. § 1446.  Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division.  Finally, and as discussed above, removal is timely under 28 U.S.C. § 1446(b).

### IV.  STATE COURT DOCUMENTS ATTACHED

Pursuant to the Local Rules of this Court, an Index of State Court Filed Documents, together with copies of the state court docket sheet and all documents filed in the state court action, except discovery, are tabbed and attached to this Notice of Removal as Exhibit B.

## V.  **RELIEF REQUESTED**

Unum Life respectfully requests that the United States District Court for the Northern District of Texas, Dallas Division, accept this notice of removal, assume jurisdiction of this cause and issue all orders and processes necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By:  /s/ Dennis M. Lynch
      Dennis M. Lynch
      State Bar No. 90001506
      dennis.lynch@figdav.com
      Roshanak Khosravighasemabadi
      State Bar No. 24048587
      rosh.khosravi@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR UNUM LIFE
INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via the Court's ECF system to Mr. Marc R. Stanley, Mr. Martin Woodward, Mr. Scott Kitner, Stanley Law Group, 6116 North Central Expressway, Suite 1500, Dallas, Texas 75206, on this the 25th day of May, 2017.

/s/ Dennis M. Lynch
Dennis M. Lynch